IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTIAN SCOTT ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-03344 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff's counsel's Motion for Attorney Fees (d/e 20).  For the following reasons, Plaintiff's counsel's Motion for Attorney Fees (d/e 20) is GRANTED IN PART.

I.   BACKGROUND

In his Motion for Attorney Fees, Plaintiff's counsel seeks a fee award of $40,199.27, pursuant to 42 U.S.C. § 406(b), which represents 25% of Plaintiff's past-due benefits (d/e 20-2, p. 4). Plaintiff's counsel was previously paid $5,694.44 pursuant to the Equal Access to Justice Act ("EAJA"), but counsel agrees to refund

to Plaintiff the EAJA fee if awarded the requested fee amount (d/e 20-2, p. 4).

Plaintiff's counsel's law firm began representing Plaintiff in April 2018. See d/e 22, p. 8. Plaintiff's counsel initiated the federal appeal on December 28, 2020 (d/e 20-4, p. 2). On August 3, 2021, Plaintiff's counsel filed a motion for summary judgment (d/e 9). In support of this motion, Plaintiff's counsel submitted a 22-page memorandum of law, summarizing years of medical evidence relating to Plaintiff's disability and arguing that the Administrate Law Judge (ALJ) had failed to properly evaluate Plaintiff's subjective statements and, in determining Plaintiff's residual functional capacity, had failed to weigh the medical opinion evidence properly (d/e 10). On November 2, 2021, Acting Commissioner Kilolo Kijakazi filed a joint motion to remand the case pursuant to 42 U.S.C. § 405(g) (d/e 14). The Court granted the motion the following day (d/e 15), and the Court entered a judgment on November 4, 2021, remanding the case to the Commissioner for further proceedings (d/e 16). On May 18, 2022, the Court awarded Plaintiff's counsel $5,694.44 under the Equal Access to Justice Act ("EAJA") (d/e 19). On October 4, 2022, the agency awarded Plaintiff

past-due benefits in the sum of $160,797.10 for the period of May 2017 through September 2022 (d/e 21, p. 1–2).

Prior to the commencement of the federal appeal, Plaintiff and Plaintiff's counsel entered into a Retainer Agreement, which contained a contingent fee agreement.  See Retainer Agreement, d/e 20-5.  The Retainer Agreement provides that Plaintiff's counsel is authorized to receive 25% of any past due benefits awarded to Plaintiff in the event Plaintiff's disability appeal is successful (d/e 20-5, p. 2).

The Commissioner filed a response to the motion, expressing concern that the effective hourly rate of $1,425.51 reflects a windfall to Plaintiff's counsel.  See Response, d/e 21.  Plaintiff's counsel filed a reply brief arguing that the Court should look at the overall reasonableness of the contingency agreement, and not solely focus on the effective hourly rate.  See Reply, d/e 22.

## II.   LEGAL STANDARD

Recovery of fees incurred for representing a Social Security plaintiff in federal court is governed by 42 U.S.C. § 406(b)(1). Pursuant to Section 406(b)(1):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

An attorney may seek recovery of fees under both § 406(b) and the EAJA, "but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefit." Gisbrecht v. Barnhart, 535 U.S. 789, 789 (2002).

### III.  ANALYSIS

The Commissioner objects to the fee request, arguing that the effective hourly rate reflects a windfall to Plaintiff's counsel. The Commissioner contends that the amount requested for 28.20 hours results in an effective hourly rate of approximately $1,425.51.

Plaintiff's counsel argues that the effective hourly rate should not be used as the sole basis for reviewing the reasonableness of the fee request. The Court agrees. When an attorney seeks recovery of fees under § 406(b), the court reviews the request for reasonableness. 42 U.S.C. § 406(b)(1)(A). While the effective hourly

rate may play a factor in the court's reasonableness determination, it should not be the primary focus. Instead, courts must begin with the contingent-fee agreement and review the agreement for reasonableness. Gisbrecht, 535 U.S. at 808. Courts have considered in their reasonableness analysis "the character of the representation and the result the representative achieved," whether a claimant's counsel is responsible for undue delay that "caused past-due benefits to accumulate," or whether past due benefits "are large in comparison to the amount of time counsel spent on the case." Id.; see also McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss[,] and the other relevant considerations."). Courts have also considered whether any extraordinary circumstances exist to justify a higher hourly rate. Tracy A. K. v. Kijakazi, No. 4:18-cv-04231, 2022 WL 45055, at *3 (C.D. Ill. Jan. 5, 2022) (finding that this case was not "so difficult or Petitioner's performance so extraordinary as to justify an effective hourly rate of $1,504.79"); see DeBack v. Saul, No. 17-cv-924, 2020 WL 13542704, at *1 (W.D. Wis. May 4, 2020)

("Some circumstances might justify such a high effective hourly rate, such as particularly difficult or contentious proceedings in this court.").

The Court assesses the overall reasonableness of the requested fee. Here, Plaintiff's attorney began representing Plaintiff in April 2018. See d/e 22, p. 8. The medical records relating to the case and the initial proceedings before the ALJ consist of a 565-page transcript (d/e 5). Plaintiff's counsel filed a 22-page memorandum in support of its motion for summary judgment (d/e 10). Defendant did not file a response to Plaintiff's motion for summary judgment but filed a joint stipulation to remand Plaintiff's case to the Commissioner for further administrative proceedings (d/e 14). Upon remand, Plaintiff was awarded $160,797.10 in past-due benefits (d/e 21, p. 1–2).

Plaintiff's counsel, Daniel S. Jones and Charles E. Binder, report expending 24.40 hours and 3.80 hours regarding this case, respectively. Mr. Jones has been practicing exclusively in the area of federal court appeals of Social Security disability claims for over a decade and has worked on over a thousand cases (d/e 20-4, p. 3). Mr. Binder has handled thousands of administrative hearings and

hundreds of federal appeals, as well as previously testifying before the House Ways and Means Social Security Subcommittee about the Social Security Disability program (d/e 20-4, p. 4).  There is no indication that Plaintiff is unsatisfied with his counsel's performance.  Further, there is no evidence of undue delay, as Plaintiff's counsel only filed one motion for extension of thirty days to file Plaintiff's motion for summary judgment and memorandum of law in support (d/e 8).  Moreover, as Plaintiff's counsel argues, the value of Plaintiff's past-due benefits received exceeds the $160,797.10 award as Plaintiff will now receive ongoing benefits until he dies, reaches retirement age, or no longer becomes disabled (d/e 22, p. 7).  Additionally, the Court recognizes, and Plaintiff's counsel correctly note, the contingent nature of representing claimants in Social Security cases carries a significant risk of loss. See d/e 22, p. 6 ("[A]pproximately 1/3 of all cases appealed to District Court result in both a remand and ultimately an award of past due benefits to the claimant that would permit a request for attorney's fees under 42 U.S.C. § 406(b), as is the case here.").

Defendant does not contend that there was substandard performance by counsel or undue delay.  Rather, Defendant argues

that the effective hourly rate when compared to typical hourly rates charged by Illinois attorneys, recent § 406(b) awards, and the lack of extraordinary circumstances indicate that the effective hourly rate of $1,425.51 sought by Plaintiff's counsel appears to constitute a windfall.

Defendant contends that the average billing rate of Illinois attorneys at law firms in 2020 was $298 per hour (d/e 21, p. 3), a rate far lower than the effective hourly rate of $1,425.51 seen here. Defendant also argues that Plaintiff's counsel cites to several district court cases to argue that an hourly rate of $1,425.51 is reasonable but that none of those cases are within the Central District of Illinois (d/e 21, p. 4). Other courts have found similar rates to the one sought by Plaintiff's counsel unreasonable and have reduced the § 406(b) award. See d/e 21, p. 4–5.

While an effective hourly rate that is an outlier to other Social Security cases may suggest a windfall, see McGuire, 873 F.2d at 984, the Court recognizes that other courts have found effective hourly rates similar to the requested rate here reasonable. See d/e 20-2, p. 3–4. In a case involving the same counsel who represent Plaintiff in the instant action, the Second Circuit reversed the

district court's decision to reduce attorney's fees and found that an effective hourly rate of $1,556.98 did not constitute a windfall. Fields v. Kijazaki, 24 F.4th 845, 856 (2d Cir. 2022). However, given the Court's role in ensuring that fee awards are reasonable under the circumstances of each case, it is not surprising that there is a range of determinations regarding what is reasonable.

Plaintiff's counsel is very experienced with Social Security cases and provided successful results in this case. The amount sought by counsel is 25% of the award, which is permitted by law and provided for in the fee agreement. The Court notes the importance of efficient and effective representation. Plaintiff's counsels' familiarity of the case enabled them to complete their work in a less amount of time. However, the Court notes that this case did not present any particularly difficult challenges or any extraordinary circumstances. Moreover, the Court has assessed the reasonableness of requested attorney's fees in Second Amendment cases and have found effective hourly rates of $300 to $600 reasonable. See Pub. Interest Legal Found., Inc. v. Bernadette Matthews, et al., No. 20-cv-3190, docket entry 49 (C.D. Ill. June 8, 2022) (awarding attorneys' fees of $350 and $525 per hour); Moore

v. Madigan, No. 11-cv-3134, docket entry 109 (C.D. Ill. July 21, 2015) (awarding attorneys' fees of $640 per hour). Those cases involved attorneys of comparable expertise and experience as Plaintiff's counsel. The Court will reduce the effective hourly rate to $600.00, for a total award of $16,920.00, an amount and rate it finds more reasonable. See Taylor v. Berryhill, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable."). This award recognizes Plaintiff's counsels' successful results in this case and their Social Security experience while ensuring that Plaintiff's counsel does not receive a windfall based on the large size of the award in comparison to the hours spent on the case. See Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel was already granted $5,694.44 in attorney's fees pursuant to the EAJA. See d/e 19. An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; he must either refund the amount awarded under the EAJA to the client or offset that amount from the requested § 406(b) award. See Gisbrecht, 535 U.S. at 796. Here, since the Court reduced the requested fee to

$16,920.00, the aggregate is less than 25% of the past due benefits awarded to Plaintiff in this case.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's counsel's Motion for Attorney Fees (d/e 20) is hereby GRANTED IN PART. Plaintiff's counsel is awarded $16,920.00, payable to the Law Offices of Charles E. Binder and Harry J. Binder, LLP.

**IT IS SO ORDERED.**
**ENTERED: December 29, 2022.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**